**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **H.C. SCHMIEDING PRODUCE** | **)** | |
| **COMPANY, LLC** | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 5:23-cv-05011-TLB |
| | ) | |
| **BUKHARA TRANS INC.** | ) | |
|     Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff, H.C. Schmieding Produce Company, LLC ("Schmieding") by and through its counsel, Hall Estill Attorneys at Law, and for its Complaint pursuant to 49 U.S.C. § 14706 against Bukhara Trans Inc. ("Bukhara") and states the following:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, Schmieding, is a Florida limited liability company with a major operations facility in Springdale, Arkansas.

2.    Upon information and belief, Defendant, Bukhara, is an Illinois Corporation with its principal place of business in Illinois, and is a motor vehicle carrier engaged in the transportation of freight including operating through the State of Arkansas.

3.     At all times material hereto, Defendant acted by and through its agents, employees, servants, workmen, and/or ostensible agents engaged within the course and scope of their employment.

4.     Upon information and belief, at all times material hereto, Defendant was authorized to and did operate through Washington County, Arkansas.

5.     This case arises from a Carrier Agreement (attached hereto as Exhibit 1) and Carrier Load Tender (attached hereto as Exhibit 2), between the parties which was formed and executed in Springdale, Arkansas.

6.     A substantial part of events or omissions giving rise to these claims occurred in Washington County, Arkansas.

7.     Jurisdiction is proper in the U.S. District Court for the Western District of Arkansas pursuant to 28 U.S.C. § 1331 and 49 U.S.C. § 14706(d).

8.     This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

9.     Plaintiff adopts and incorporates by reference its allegations contained in Paragraphs 1 through 8.

10.     On or about October 11, 2022, pursuant to the Carrier Agreement (Exh. 1), the Carrier Load Tender Reference Number LD134110 (Exh. 2), and a Bill of Lading Order # 4-264146 (Exh. 3), Bukhara picked up a load of cargo from Houston, Texas to be delivered to Sysco Corporation ("Sysco") in Knoxville, Tennessee.

11.    At the time of loading, the cargo was inspected and found to be in good condition. (See Exh. 3, Bill of Lading with driver's signature).

12.    The Carrier Load Tender listed the required temperature to be pre-cooled to 0 degrees. (Exh. 2). In addition, the Bill of Lading required the temperature to be between maintained at 0 degrees. (Exh. 3). The Bill of Lading noted several times this was perishable product and proper temperature must be maintained. (Exh. 3).

13.    Bukhara arrived with a dry trailer, with no refrigeration capabilities.

14.    Upon arrival at the consignee on October 12, 2022, the trailer temperature data showed the product surface temperature was between 23 and 50 degrees. The temperature critical limit was 15 degrees. (See Exh. 4, Temp Analysis).

15.    The Carrier Agreement required the carrier to transport the load in accordance with the food safety and security instructions. (Exh. 1).

16.    The Carrier Agreement also stated the Carrier represents and warrants all equipment used to transport food shipments will be equipped with refrigeration units. (Exh. 1).

17.    The driver signature on the BOL verified the product was in good condition at the time of loading. (Exh. 3).

18.    Upon delivery, the pulp temperature of the product ranged from 29 and 46 degrees. The temperature critical limit was 15 degrees. (Exh. 4).

19.    Due to the high temperatures, the product was deemed unsafe and the load was rejected.

20.    Bukhara is liable for the entire loss of the shipment due to the high temperature of the product.

21.    The high temperatures were noted on the Bill of Lading. (See Exh. 3).

22.    Bukhara was notified of this claim upon delivery on October 12, 2022. (See Exh. 4).

23.    The claim was properly and timely submitted to Bukhara on or about October 20, 2022. (See Exh. 5, Claim demand).

24.    Bukhara did not accept liability.

25.    Schmieding, as broker, has or will compensate Sysco for its losses in the amount of $113,277.64.

26.    Schmieding is subrogated to the rights of Sysco, the receiver/consignee, to collect against the carrier for damaged cargo pursuant to 49 U.S.C.A. § 14706. Schmieding has been damaged in the amount of $113,277.64.

27.    Bukhara had an obligation to avoid damaging the cargo during transport, and deliver the cargo in substantially the same condition as received from the shipper.

28.    Bukhara breached its duty by failing to provide a refrigerated unit for the transport of the food shipment as required on the Load Tender (Exh. 2) and the Bill of Lading (Exh. 3), and agreed upon in the Carrier Agreement. (Exh. 1).

29.    Bukhara improperly allowed the cargo to be damaged while it was in Bukhara's possession and control, and failed to deliver the cargo, undamaged, to the consignee.

30.    Bukhara's breach was the proximate cause of damage to the cargo, specifically the entire cargo load was damaged at the cost of $113,277.64.

31.    Schmieding properly and timely filed a claim with Bukhara for costs due to Schmieding as a result of the damage to the cargo pursuant to 49 C.F.R. § 370.3. (See Exh. 5).

32.    Bukhara denied liability and rejected the request by Schmieding to compensate Schmieding for its loss proximately caused by Bukhara's negligent transport of the cargo.

33.    Those losses and expenses, which were incurred as a result of the damaged cargo have accrued in the amount of $113,277.64, plus pre and post judgment interest as allowed by Arkansas and Federal law.

34.    Schmieding has fulfilled all of its performance obligations under all applicable contracts and applicable state and federal laws.

## COUNT I

35.    Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 34.

36.    Upon information and belief, and based on documentation on the applicable Bill of Lading, the cargo for the Carrier Load Tender Reference Number 134110 (Exh. 2), and Bill of Lading Order # 4-264146 (Exh. 3), was delivered to Bukhara in proper condition for transportation and in an undamaged condition.

37.    The Bill of Lading bears a signature from the carrier certifying the cargo was in proper condition for transportation.

38.    The cargo was damaged due to the failure of Bukhara to provide a refrigerated unit and maintain the proper temperature on the trailer.

39.    Schmieding, on behalf of Sysco, timely and properly informed Bukhara of the damaged cargo and filed a claim for damaged cargo pursuant to 49 C.F.R. § 370.3.

40.    Bukhara improperly denied liability for the damaged cargo and refused to compensate Sysco or Schmieding for such damages.

41.    Pursuant to 49 U.S.C.A. § 14706, Bukhara is liable to Schmieding, who is subrogated to the rights of shipper, under the Carrier Load Tender Reference Number LD134110 (Exh. 2), and a Bill of Lading Order # 4-264146 (Exh. 3), for the damages to the cargo.

42.    Bukhara was negligent in transporting the cargo and such negligence was the proximate cause of the damages to the cargo.

43.    Bukhara had a duty to transport the cargo in a manner that would not damage such cargo. Bukhara breached that duty and such breach was the proximate cause of the damage to the cargo.

44.    Bukhara's breach of duty and/or negligence proximately caused Schmieding to suffer damages, and Schmieding is therefore entitled to recover from Bukhara, damages in the amount of $113,277.64 plus pre and post judgment interest, attorney's fees and costs as allowed by Arkansas and Federal law.

45.    Plaintiff demands a jury trial.

46.    Plaintiff reserves the right to move this Court to allow Plaintiff to amend this Complaint upon completion of investigation and discovery.

WHEREFORE, Plaintiff, Schmieding, prays this Court enter judgment in its favor and against Bukhara in the amount of $113,277.64, plus pre and post judgment interest, attorney's fees, cost of this suit and such other relief as it may be entitled.

Respectfully submitted,

**H.C. SCHMIEDING PRODUCE COMPANY, LLC**

BY:   /s/ Grace K. Johnson
          Grace K. Johnson (Ark. Bar No. 09203)
          **HALL ESTILL ATTORNEYS AT LAW**
          75 N. East Ave, Suite 500
          Fayetteville, AR   72701-5388
          Telephone:  (479) 973-5253
          Facsimile:  (479) 973-0520
          Email:  gjohnson@hallestill.com
               *Attorney for the Plaintiff*

7