UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| H.C. SCHMIEDING PRODUCE COMPANY, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) ) | CASE NO.: 5:23-cv-05011-TLB |
| BUKHARA TRANS INC. | ) ) | |
| Defendant. | ) | |

## MOTION and SUPPORTING BRIEF FOR DEFAULT JUDGMENT

Comes now Plaintiff, H.C. Schmieding Produce Company, LLC ("Schmieding") by and through its counsel, Hall Estill Attorneys at Law and for its Motion for Default Judgment against Defendant, Bukhara Trans Inc. ("Bukhara") states as follows pursuant to Fed. R. Civ. P. 55:

1. That this Court has jurisdiction of the parties and subject matter of this cause.

2. On January 10, 2021, a Complaint was filed in the above-styled matter.

3. On February 25, 2023, personal service was obtained upon Fakhriddin Avezov, the registered agent of Bukhara as listed with the Illinois Secretary of State, pursuant to and consistent with the requirements of Fed. Rules of Civil Pro. No. 4.

4. A Motion for an extension to file proof of service until May 11, 2023 was filed and granted on April 6, 2023.

5. By affidavit of the Process Server, proof of service was filed on April 10, 2023.

6. Plaintiff's Complaint pursuant to 49 U.S.C. § 14706 against Bukhara alleged personal jurisdiction and venue was proper as Defendant was a motor carrier, and was authorized and did operate through Washington County, Arkansas.

7. Plaintiff's Complaint sought damages pursuant to a cargo claim and alleged Bukhara was liable pursuant to 49 U.S.C. § 14706 for the damages incurred for failure to maintain the proper temperature of the food cargo in the amount of $113,277.64. [See Notice of Claim and documentation in support – Doc 2-5].

8. In addition, Plaintiff's Complaint sought pre and post-judgment interest on the sum certain amount of damages, and costs, expenses and attorneys' fees, pursuant to the terms of the Carrier Agreement attached to the Complaint. [Doc 2-1].

9. The Carrier Agreement between the parties, section XIV(2), expressly provides for "actual costs, expenses and reasonable attorneys' fees, court costs and interest," when H.C. Schmieding Produce Company, LLC prevails in litigation against Carrier, Bukhara Trans, for recovery of a claim. [Doc 2-1].

10. Therefore, Plaintiff is entitled to costs, expenses, reasonable attorneys' fees, and interest, as incurred in this litigation.

11. Further, the Carrier Agreement between the parties, section XV(2), provides Carrier will indemnify H.C. Schmieding Produce Company, LLC "from and against all loss, liability, damage, claim, fine, cost or expense, including …..legal costs, arising out of claims by third parties, and, directly or indirectly, arising from Carrier's performance or breach of this Agreement by Carrier."

12. Therefore Plaintiff is also entitled to costs, expenses and reasonable attorneys' fees incurred in efforts to resolve the claim with Bukhara prior to the filing of this lawsuit in the amount of $ 625.00 for attorneys' fees incurred, as verified in Exhibit A.

13. Plaintiff is entitled to reasonable litigation attorneys' fees in the amount of $2,559.42, as verified in Exhibit A.

14. Plaintiff is entitled to litigation costs in the amount of $572.00, as verified in Exhibit A.

15. In addition, pursuant to the Carrier Agreement between the parties, § XIV(2), Plaintiff is also entitled to prejudgment interest at the rate of 4.73%[1]. [Doc 2-1]. This action was filed on January 10, 2023 [see Doc 2]. Therefore, Plaintiff is entitled to pre-judgment interest from January 10, 2023 to the date of judgment.

16. Attached as Exhibit A is an Affidavit in support of Attorneys' fees and Costs.

17. Attached as Exhibit B, and incorporated herein is the affidavit of Robert Teague, authorized representative of Plaintiff, in further support of the damages sought herein.

18. Plaintiff moves this Court for an entry of Judgment against Defendant in the principal amount as set out hereinabove plus pre-judgment and post-judgment interest, costs and attorney's fees.

---

[1] Calculated at the post-judgment interest rate from the date suit was filed, January 10, 2023. "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S. C. 1961.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, H.C. Schmieding Produce Company, LLC, respectfully requests this Court find Defendant is in default, and enter a judgment for Plaintiff, against Defendant in the principal amount of One Hundred Thirteen Thousand, Two Hundred Twenty-Seven Dollars and Sixty-Four Cents ($113,277.64), plus pre-judgment interest, post-judgment interest, attorney's fees and costs and all other relief to which it may be entitled.

        Respectfully submitted,

        **H.C. SCHMIEDING PRODUCE COMPANY, LLC**

BY:  /s/ Grace K. Johnson
        Grace K. Johnson (Ark. Bar No. 09203)
        **HALL ESTILL ATTORNEYS AT LAW**
        75 N. East Ave, Suite 500
        Fayetteville, AR  72701-5388
        Telephone: (479) 973-5253
        Facsimile: (479) 973-0520
        Email: gjohnson@hallestill.com

        *Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **H.C. SCHMIEDING PRODUCE COMPANY, LLC** <br>     Plaintiff, | ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) | CASE NO.: 5:23-cv-05011-TLB |
| **BUKHARA TRANS INC.** <br>     Defendant. | ) <br> ) <br> ) | |

**AFFIDAVIT FOR ATTORNEY'S FEES AND FOR**
**PRE-JUDGMENT INTEREST**

Now on this 15th day of May, 2023, comes Grace K. Johnson, who states under oath and affirms as follows:

1. I have personal knowledge of the facts stated herein and I am in all respects competent to make this Affidavit.

2. I am a duly licensed attorney in the State of Arkansas, and am licensed to practice before this Court.

3. The Carrier Agreement [Doc 2-1] between the parties, section XIV(2), expressly provides for "actual costs, expenses and reasonable attorneys' fees, court costs and interest," when H.C. Schmieding Produce Company, LLC prevails in litigation against Carrier, Bukhara Trans Inc., for recovery of a claim.

4. Therefore, Plaintiff is entitled to costs, expenses, reasonable attorneys' fees, and interest, as incurred in this litigation.

5. Further, the Carrier Agreement between the parties, section XV(2), provides Carrier will indemnify H.C. Schmieding Produce Company, LLC "from and against all loss,



liability, damage, claim, fine, cost or expense, including …..legal costs, arising out of claims by third parties, and, directly or indirectly, arising from Carrier's performance or breach of this Agreement by Carrier."

6. Therefore Plaintiff is also entitled to costs, expenses and reasonable attorneys' fees incurred in efforts to resolve the claim with Bukhara Trans Inc. prior to the filing of this lawsuit in the amount of $ 625.00 for attorneys' fees incurred.

7. Plaintiff is entitled to reasonable litigation attorneys' fees in the amount of $2,559.42.00.

8. Plaintiff is entitled to litigation costs in the amount of $572.00.

9. That the attorneys' fees listed in Exhibit 1, are correct and have been necessarily incurred in the resolution of the claim and in the litigation of the above styled case and that the services for which fees have been charged were actually and necessarily performed.

10. That the costs listed in Exhibit 1, Litigation Expenses, are correct and have been necessarily incurred in the resolution of the claim and in the above styled case.

FURTHER AFFIANT SAYETH NOT.

_____
Grace K. Johnson

**VERIFICATION**

COUNTY OF WASHINGTON    )
                        ) ss.
STATE OF ARKANSAS       )

Subscribed and sworn to before me, a Notary Public, this 15th day of March, 2023.

_____
Notary Public

My Commission Expires:



2

EXHIBIT 1 TO AFFIDAVIT FOR ATTORNEYS' FEES AND COSTS

| Date | TKPR Name | Bill Num | Amount | Hours | Narrative |
|---|---|---|---|---|---|
| October, 2022 | Johnson, Grace, K. | 599432 | $387.00 | 1.8 | Receive new cargo claim from R. Teague. Research Bukhara, registered agent, insurance company, facts of claim and back up documents. Draft demand correspondence. |
| November, 2022 | Johnson, Grace, K. | 599432 | $172.00 | 0.8 | Receive and review additional information on claim amount and disposal fee. Revise and edit demand correspondence and arrange for delivery. Provide courtesy copy to interested parties. |
| 1/5/2023 | Johnson, Grace, K. | 599432 | $66.00 | 0.3 | Review returned mail unclaimed from registered agent. Advise client of returned mail and request direction moving forward. |
| | | | $625.00 | | Pre-suit - attempt to resolve claim and collection costs recoverable pursuant to §XV(2) Indemnification of Carrier Agreement. |
| January, 2023 | Johnson, Grace, K. | 603446 | $550.00 | 2.6 | Draft Complaint against Bukhara with exhibits, Summons and Corp Disclosure for filing. Prepare consent to Magistrate Jurisdiction document. Review and monitor progress of process server. |
| February, 2023 | Johnson, Grace, K. | 604701 | $528.00 | 2.4 | Continue monitoring progress of process server. Order skip trace to locate registered agent of company. Discussion with client regarding when the law allows carrier to shift fault to shipper. |
| March, 2023 | Johnson, Grace, K. | 606449 | $249.42 | 2.5 | Research on case law for on point circumstances of when carrier can shift fault to shipper. |

EXHIBIT 1 TO AFFIDAVIT FOR ATTORNEYS' FEES AND COSTS

| | | | | |
|---|---|---|---|---|
| April, 2023 | Johnson, Grace, K. | 606449 | $242.00 | 1.1 | Receive notice from Court proof of service has not been filed. Draft Motion to Request Extension to file Proof of Service. Monitor correspondence with process server to provide notarized proof of service. Receive and file notarized proof of service. |
| May, 2023 | Johnson, Grace, K. | 606449 | $990.00 | 4.5 | Receive and review notice from Court requiring Affidavit of Default by May 15th. Draft Motion for Default Judgement and accompanying affidavits. Calculate attorneys' fees and costs. Correspondence with client to prepare Affidavit of Default, and Motion for Default Judgment. |
| | **Total Attorney litigation fees** | | **$2,559.42** | **13.1** | |
| Litigation Expenses | Filing fee | | $ 402.00 | | |
| | Process Server (2 locations and a skip trace) | | $ 170.00 | | |
| | **Total litigation expenses** | | **$ 572.00** | | |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

H.C. SCHMIEDING PRODUCE )
COMPANY, LLC )
    Plaintiff, )
)
v. ) CASE NO.: 5:23-cv-05011-TLB
)
)
BUKHARA TRANS INC. )
    Defendant. )

I, Robert Teague, first being duly sworn according to law, MAKE OATH AND SAY:

1. I am over 18 years of age.

2. This affidavit is made based on my own, personal knowledge.

3. I am supplying this Affidavit for the Court in connection with, the above-captioned case and for no other purpose.

4. I am the claims manager for H.C. Schmieding Produce Company, LLC. ("Schmieding").

5. I am familiar with the relationship and facts and circumstances surrounding the cargo claim against Bukhara Trans Inc. ("Bukhara").

6. The Carrier Agreement attached to the Complaint as Doc 2-1 is a true and correct copy of the Carrier Agreement between Schmieding and Bukhara.

7. The Base Load Tender attached to the Complaint as Doc 2-2 is a true and correct copy of the Base Load Tender for the shipment at issue in this case.

8. The Bill of Lading attached to the Complaint as Doc 2-3 is a true and correct copy of the Bill of Lading for the cargo load and shipment at issue in this case.

1


EXHIBIT B

9. The temperature recordings attached to the Complaint as Doc 2-4 is a true and correct copy of the temperature recordings received from the consignee in support of the cargo claim for the damaged cargo due to failure to maintain the proper temperature during transport.

10. The Notice of Claim attached to the Complaint as Doc 2-5 is a true and correct copy of the claim filed with H.C. Schmieding by the consignee, Sysco Corp. and provides support for the damages incurred as a result of Bukhara's failure to maintain the proper temperature of the cargo during transport, in the amount of $111,817.72 in rejected food product which had to be disposed of due to failure to maintain proper temperature, and a $1459.92 disposal fee.

11. Schmieding paid the cargo claim to Sysco Corp, in the amount of $113,277.64, as a result of the rejection of the load for being out of temperature.

FURTHER AFFIANT SAYETH NOT.

_____
Robert Teague

STATE OF ARKANSAS         )
                          ) ss.
COUNTY OF WASHINGTON      )

SUBSCRIBED AND SWORN to before me this 15th day of May, 2023.

_____
Notary Public

My Commission Expires:

2