IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**H.C. SCHMIEDING PRODUCE COMPANY, LLC**                          **PLAINTIFF**

**V.**                        **CASE NO. 5:23-CV-5011**

**BUKHARA TRANS, INC.**                                          **DEFENDANT**

## ORDER ON MOTION FOR DEFAULT JUDGMENT

Currently before the Court is the Motion and Supporting Brief for Default Judgment (Doc. 12) filed by Plaintiff H.C. Schmieding Produce Company, LLC. The record reflects that personal service was obtained upon Fakhriddin Avezov, the registered agent of Defendant Bukhara Trans, Inc., on February 25, 2023. *See* Doc. 9. H.C. Schmieding's Complaint sought reimbursement for damaged cargo and alleged that Bukhara was liable for $113,277.64. The claims manager for H.C. Schmieding, Robert Teague, submitted a sworn affidavit (Doc. 12, pp. 9–10) in support of the damages calculation. The Carrier Agreement between the parties provides that the prevailing party in litigation is entitled to actual costs, expenses and reasonable attorneys' fees, court costs, and interest. *See* Doc. 2-1, p. 16, section XIV(2).

According to Federal Rule of Civil Procedure 55(b)(2), the Court is empowered to enter a default judgment and "may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any matter." After reviewing the Complaint, the Motion, and the attachments to the Motion, the Court finds that a hearing on damages is not necessary.

First, the Court credits Mr. Teague's sworn affidavit and the exhibits on which it relies, including the "Carrier Lode Tender" document (Doc. 2-2), the Bill of Lading (Doc. 2-3), the list of temperature recordings (Doc. 2-4), and the Notice of Claim (Doc. 2-5). In view of Bukhara's default, the Court finds that it failed to maintain the proper temperature of the cargo during transport and is liable to H.C. Schmieding in the amount of $111,817.72 in rejected food product and $1,459.92 in disposal fees, for a grand total of **$113,277.64**.

Next, the Court agrees with H.C. Schmieding that Bukhara is contractually obligated to pay prejudgment interest, calculated as of the date the lawsuit was filed and running through the date judgment is entered. The Carrier Agreement does not specify a particular prejudgment interest rate, and H.C. Schmieding suggests that the appropriate rate is 4.73%, which is equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, as of the calendar week preceding January 10, 2023, the date the lawsuit was filed. *See* 28 U.S.C. § 1961(a). The Court agrees that this interest rate is appropriate and awards prejudgment interest in the amount of **$2,099.24**.[1]

H.C. Schmieding is also entitled to postjudgment interest, calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. Such interest will accrue until paid in full.

---

[1] (4.73% x $113,277.64)/365 = $14.68 daily prejudgment interest. January 10, 2023 – June 2, 2023 = 143 days. $14.68 x 143 = $2,099.24.

Finally, the terms of the Carrier Agreement permit H.C. Schmieding to recover its reasonable attorney's fees and costs. Counsel for H.C. Schmieding submitted an affidavit in support of the request for fees and costs as well as an itemized billing statement. *See* Doc. 12, pp. 5–8. The Court approves an award of **$572.00** in costs. The Court also approves the request for fees, having considered the following factors: (1) the experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client or by the circumstances; and (8) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer. *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229 (1990).

H.C. Schmieding's counsel, Grace Johnson, is a regular practitioner before the Court. She is both experienced and able. Although this case involved a rather straightforward dispute that resulted in a default judgment, the time Ms. Johnson invested in the case appears reasonable, as does her hourly rate. For all these reasons, the Court approves a fee of **$3,184.42**.

**IT IS THEREFORE ORDERED** that the Motion for Default Judgment (Doc. 12) is **GRANTED**, and judgment will enter in favor of Plaintiff H.C. Schmieding Produce Company, LLC in the total amount of **$119,133.30**, plus postjudgment interest.

**IT IS SO ORDERED** on this 2nd day of June, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3